**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MARQUES BRAGG | Case No.: |
| Plaintiff, | Judge: |
| v. | |
| EXXONMOBIL CORPORATION and STARCON INTERNATIONAL, INC., | **COMPLAINT** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Marques Bragg ("Plaintiff") brings this action against Defendants ExxonMobil Corporation ("Exxon") and Starcon International, Inc. ("Starcon") (together, "Defendants") for their discriminatory employment practices, pursuant to 42 U.S.C. § 1981. Plaintiff makes the following allegations upon personal knowledge as to his own acts, upon information and belief, and upon his attorneys' investigation as to all other matters, and alleges as follows:

**STATEMENT OF THE CASE**

1.       This action arises from Exxon and Starcon's unlawful employment practices and unlawful administration and enforcement of a contract, including fostering and maintaining a widespread culture of discrimination based upon race.

2.       During the course of his employment at Exxon refinery facilities, Plaintiff experienced pervasive racial discrimination and harassment, including, without limitation, receiving lower pay than non-Black workers who performed substantially equal work as Plaintiff, being passed over for promotions in favor of less qualified, non-Black workers, being subjected to racial slurs and graffiti, and being subjected to racialized threats, including a noose being placed at his workstation.

3.       Despite reporting the racial discrimination and harassment to his Starcon supervisor and Exxon's Human Resources Department, upon information and belief, Exxon and Starcon took little or no action to investigate the incidents or take adequate remedial measures.

4.       Due to Exxon and Starcon's refusal to adequately correct and remedy the hostile work environment that Plaintiff was forced to endure, Plaintiff's conditions of employment became so intolerable that he was ultimately forced to resign from his position at Exxon, constituting a constructive discharge.

5.       Plaintiff brings this action for injunctive relief, including changed employment practices, and damages pursuant to 42 U.S.C. § 1981, alleging intentional racial discrimination in the making and enforcement of contracts.

## PARTIES

### A.  Plaintiff

6.       Plaintiff Marques Bragg is a Black man and a resident of Sulphur, Louisiana. At all times relevant hereto, he was jointly employed by Starcon—a company that had a contractual relationship with Exxon—and Exxon, at Exxon facilities located in Baytown, Texas and Baton Rouge, Louisiana. During the course of Plaintiff's employment at Exxon, Exxon exercised control over Plaintiff's employment, including, without limitation, the authority to hire and fire Plaintiff, day-to-day supervision of Plaintiff, the furnishing of equipment and place of work, and control over Plaintiff's work duties.  Exxon and Starcon fostered and maintained the racist hostile environments in which Plaintiff worked.

7.

**B.  Defendant**

8.      Defendant ExxonMobil Corporation is a New Jersey corporation, headquartered in Houston, Texas. Exxon is a multinational oil and gas corporation and, as of 2022, it employs approximately 62,300 employees.

9.      Defendant Starcon International, Inc. is a corporate entity based in the state of Texas. Starcon is a privately-held, full-service contractor offering comprehensive industrial and mechanical services in the refining, chemical, natural gas processing, and food and beverage industries.

10.     At all times relevant hereto, Exxon operated the Baytown and Baton Rouge facilities and contracted with Starcon for industrial and mechanical services.

## JURISDICTION AND VENUE

11.     This Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings this action under 42 U.S.C. § 1981. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1343.

12.     Venue is proper in this District and this Court has personal jurisdiction over Defendants, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because Defendants are headquartered in this judicial District and a substantial part of the events and omissions giving rise to this action occurred in this judicial District.

## FACTUAL ALLEGATIONS

13.     Starcon employees worked at Exxon facilities in Baytown, Texas and Baton Rouge, Louisiana, pursuant to a contract between Starcon and Exxon, who jointly employed Plaintiff and other workers at the facilities.

14.     On or around April 2017, Plaintiff began working at Exxon's Baytown, Texas and Baton Rouge, Louisiana refineries.

15.     During the entire course of his employment at Exxon's facilities, Plaintiff experienced pervasive discrimination and harassment based upon his race, which forms a part of a continuing violation, that occurred until Plaintiff's termination.

16.     During the course of his employment with Exxon and Starcon, Plaintiff learned he was hired at a lower pay rate than non-Black workers that performed substantially similar work. This pay inequity continued throughout the course of his employment with Exxon.

17.     Plaintiff was also passed over for promotions that were given to non-Black co-workers, even though Plaintiff was more qualified for the position(s) and had worked at Exxon longer than those non-Black employees that received promotions.

18.     Plaintiff was also subjected to racial slurs and harassment by non-Black coworkers throughout the course of his employment with Exxon and Starcon.

19.     Plaintiff observed racist graffiti written on the walls of the bathroom at the Exxon refinery where he worked, including, without limitation, slurs that read: "Nigger go back home" and "Go back to Africa."

20.     On one occasion, Plaintiff took a bathroom break and when he returned to his workstation an unknown individual had placed a noose on his workstation.

21.     Plaintiff reasonably interpreted this racially charged harassment as a threat of violence and became fearful for his well-being and safety.

22.     Plaintiff reported the incident to his supervisor and also filed a report with Exxon's Human Resources Department. Despite having actual knowledge of the incident and complaints of other pervasive racial discrimination, including several other incidents involving nooses being

found at its Baton Rouge refinery complex, Exxon failed to take appropriate measures reasonably calculated to end the racial harassment, such as training, counseling, or policy changes.[1]

23. Starcon also failed to investigate or take appropriate remedial action.

24. Due to Exxon and Starcon's refusal to correct and remedy the hostile work environment that Plaintiff was forced to endure, Plaintiff's conditions of employment became so intolerable that he was ultimately forced to resign from his position at Exxon, constituting a constructive discharge.

**CLAIMS ALLEGED**

**COUNT I**

**Violation of 42 U.S.C. § 1981 against Exxon**

25. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1-24, as if fully set forth herein.

26. Plaintiff is a "person" for purposes of 42 U.S.C. § 1981 and, at all relevant times herein, Exxon was a joint employer of Plaintiff.

27. Plaintiff is a Black man..

28. Plaintiff was qualified for his position of employment with Exxon and performed his job satisfactorily and in accordance with the responsibilities given to him by Exxon.

29. Exxon discriminated against Plaintiff on the "but-for" basis and because of his race in violation of § 1981 by denying him the same terms and conditions of employment available to other employees who are not members of his protected class, subjecting him to disparate treatment and/or a hostile work environment, including, but not limited to:

---

[1] The United States has since filed suit against Exxon, alleging the company has created a hostile work environment by failing to implement measures to remedy and prevent racial harassment after five nooses were found at the complex between April 2016 and December 2020. *See* U.S. Sues Exxon Mobil Over Nooses Found at Louisiana Refinery - The New York Times (nytimes.com)

a.  subjecting him to disparate working conditions;

b.  denying him terms and conditions of employment equal to that of his co-workers who do not belong to the same protected category;

c.  paying him less than his comparable and similarly situated colleagues in sufficiently similar and/or equivalent positions;

d.  failing to hire and/or promote him to an appropriate job level based upon his qualifications and experience;

e.  denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment;

f.  failing to adequately investigate and identify discriminatory and harassing conduct in the workplace such that he can be free of a hostile work environment; and

g.  constructively discharging him

30.    Exxon has discriminated against Plaintiff on the basis of his race in violation of § 1981 by fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or remedy a disparate treatment and/or a hostile work environment that has included, among other things, unwelcomed, severe and pervasive discrimination due to and directed at his protected status.

31.    Exxon is liable under § 1981 as Plaintiff's joint employer.

32.    Exxon is further liable under § 1981 because of Exxon's discriminatory administration of and interference with a contract.  *See Santiago v. YWCA of El Paso Found*, No. EP-14-CV-247-KC, 2014 WL 3672975, at *3–4 (W.D. Tex. July 24, 2014) ("However, § 1981 is nonetheless broader than Title VII in some respects. Notably, "[u]nlike Title VII ... 42 U.S.C. § 1981 does not limit claims only to statutory 'employers.').

33.     As a direct and proximate result of Exxon's unlawful discriminatory conduct and harassment in violation of § 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past and future income as well as compensation and benefits, for which he is entitled to an award of damages.

34.     As a direct and proximate result of Exxon's unlawful discriminatory conduct and harassment in violation of § 1981, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of damages and other relief.

35.     Exxon acted with reckless indifference in committing its unlawful and discriminatory actions, which constitute malicious, willful, and wanton violations of § 1981, for which Plaintiff is entitled to an award of punitive damages.

## COUNT II

### Violation of 42 U.S.C. § 1981 against Starcon

36.     Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1-24, as if fully set forth herein.

37.     Plaintiff is a "person" for purposes of 42 U.S.C. § 1981 and, at all relevant times herein, Starcon was Plaintiff's employer.

38.     Plaintiff is a Black man.

39.     Starcon assigned Plaintiff to work at Exxon and Plaintiff was qualified for his position of employment with Exxon and performed his job satisfactorily and in accordance with the responsibilities given to him by Exxon.

40.     Exxon discriminated against Plaintiff on the "but-for" basis and because of his race in violation of § 1981 by denying him the same terms and conditions of employment available to

other employees who are not members of his protected class, subjecting him to disparate treatment

and/or a hostile work environment, including, but not limited to:

    a.  Subjecting him to disparate working conditions;

    b.  denying him terms and conditions of employment equal to that of his co-workers who do not belong to the same protected category;

    c.  paying him less than his comparable and similarly situated colleagues in sufficiently similar and/or equivalent positions;

    d.  failing to hire and/or promote him to an appropriate job level based upon his qualifications and experience;

    e.  denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment;

    f.  failing to adequately investigate and identify discriminatory and harassing conduct in the workplace such that he can be free of a hostile work environment; and

    g.  constructively discharging him.

41.    Exxon has discriminated against Plaintiff on the basis of his race in violation of § 1981 by fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or remedy a disparate treatment and/or a hostile work environment that has included, among other things, unwelcomed, severe and pervasive discrimination due to and directed at his protected status.

42.    Despite having knowledge of Exxon's pervasive discriminatory conduct, Starcon failed to properly investigate or take appropriate remedial action, on information and belief, in part because it did not want to lose its contract with Exxon.

43.    As a direct and proximate result of Starcon's failure to investigate or remedy Exxon's unlawful discriminatory conduct and harassment in violation of § 1981, Plaintiff has

suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of past and future income as well as compensation and benefits, for which he is entitled to an award of damages.

44.     As a direct and proximate result of Starcon's failure to investigate or remedy Exxon's unlawful discriminatory conduct and harassment in violation of § 1981, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of damages and other relief.

45.     Starcon acted with reckless indifference in committing its unlawful and discriminatory actions, constitute malicious, willful, and wanton violations of § 1981, for which Plaintiff is entitled to an award of punitive damages.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

a.     Award all monetary relief to which Plaintiff is entitled, including as set forth in Counts I-II, above;

b.     Declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights under federal law

c.     That Defendants be permanently enjoined and restrained from engaging in the unlawful employment practices described herein and be required to implement appropriate improvements to its employment policies and practices;

d.     Award pre- and post-judgment interest;

e.      Award reasonable attorneys' fees and costs to Plaintiff's counsel; and

f.      Grant such further and other relief as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all causes of action so triable.


Dated: December 1, 2023

Respectfully Submitted,

**THE COCHRAN FIRM - DALLAS, PLLC**

*/s/ BRYAN D. POPE*
Bryan D. Pope
State Bar No. 00788213
bpope@cochrantexas.com
Larry F. Taylor
State Bar No.  24071156
ltaylor@cochrantexas.com
1825 Market Center Blvd., Suite 500
Dallas, Texas  75207
(214) 651-4260 (Telephone)
(214) 651-4261 (Facsimile)
For E-Service please include
twickstrom@cochrantexas.com

**BEN CRUMP LAW, PLLC**
Bejamin Crump*
Nabeha Shaer*
122 South Calhoun Street
Tallahassee, Florida 32301
Telephone: (800) 691-7111
ben@bencrump.com
nabeha@bencrump.com

**DiCELLO LEVITT LLP**
Diandra S. Debrosse Zimmermann*
505 Twentieth Street North, Suite 1500
Birmingham, Alabama 35203
Telephone: (205) 855-5700
fu@dicellolevitt.com

**DiCELLO LEVITT LLP**
Laura Reasons*
Ten North Dearborn Street, Sixth Floor

10

Chicago, Illinois 60602
Telephone: (312) 214-7900
lreasons@dicellolevitt.com

**DICELLO LEVITT LLP**
Kenneth P. Abbarno*
Joe Fouche III*
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
Telephone: (440) 953-8888
kabbarno@dicellolevitt.com
jfouche@dicellolevitt.com

Counsel for Plaintiff

* To Seek Admission *Pro Hac Vice*